UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| In re: Rey Joseph Hernandez,<br><br>    Debtor(s). | Bankruptcy No. 08 B 72148<br>Chapter 13<br>Judge Manuel Barbosa |
|---|---|

## MEMORANDUM OPINION

This matter comes before the Court on the objection to confirmation filed by creditor GMAC, pursuant to 11 U.S.C. §§ 1324, 1325(a)(5), on December 1, 2008 and on the modified Chapter 13 plan filed by debtor Rey Joseph Hernandez ("Debtor") on November 10, 2008. For the reasons set forth herein, the Court denies GMAC's objection to confirmation.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (L).

## FACTS AND BACKGROUND

On July 8, 2008, debtor Rey Joseph Hernandez ("Debtor") filed a voluntary Chapter 13 bankruptcy petition. The 341 meeting of creditors was held on August 19, 2008. According to Debtor's Schedule D at the time of filing and his amended Schedule D filed November 10, 2008, GMAC held a secured claim on Debtor's 2006 Chevrolet Impala valued at $17,300. Thus, GMAC is Debtor's creditor because, on October 21, 2005, Debtor executed an agreement for interest in a 2006 Chevrolet Impala in which the agreement was assigned to GMAC.

On November 10, 2008, Debtor filed a modified Chapter 13 Plan whereby Debtor proposed to pay the trustee $1,830 per month for 60 months. In paragraphs E(2) – (3), the

modified plan lists three secured debts to be disbursed by the trustee: US Bank Home Mortgage with monthly payments of $900 for an estimated total of $54,000; GMAC with monthly payments of $426.24 for an estimated payment of $20,459, including 7% interest on a $17,800 secured claim; and WFNN/Carpetland with monthly payments of $53.14 for an estimated total of $1914, including 4% interest on a $1800 secured claim. In paragraph E(4), Debtor claimed $0 in priority Debtor's attorney's fees through the plan. Under paragraph E(8), the minimum general unsecured claims payment percentage, to the extent possible, is proposed to be 20%. In paragraph F, the plan provides that creditors will be given priority in the following order: (1) trustee's authorized percentage fee; (2) current mortgage payments; (3) secured claims listed in Section E(3), including GMAC; and (4) priority claims of the debtor's attorney.

On December 1, 2008, creditor GMAC filed an objection to confirmation of Debtor's modified Chapter 13 plan dated November 10, 2008, pursuant to 11 U.S.C. §§ 1324, 1325(a)(5). GMAC asserts that it will not receive adequate protection, unless it is given the same priority level as the current monthly mortgage payments. Moreover, GMAC asserts that the modified plan fails to provide equal monthly payments to GMAC, pursuant to 11 U.S.C. § 1325(a)(5)(B)(iii)(I), (II), because Debtor's attorney's fees in paragraph E(4) have the same priority as creditors, including GMAC and WFNN/Carpetland, in paragraphs E(3).

On February 6, 2009, Debtor filed a response seeking to deny GMAC's second objection to confirmation. Debtor asserts that the November 11, 2008 modified plan, in paragraph E(3), provides adequate protection to GMAC because GMAC's secured debt will be disbursed by the trustee through monthly payments of $426.24 for an estimated payment of $20,459, including 7% interest on a $17,800 secured claim. In addition, while the plan provides for the mortgage payment and trustee's fees to be paid before GMAC and WFNN/Carpetland, Debtor asserts that

the remaining $800 is more than enough to pay these remaining secured claims.

## DISCUSSION

At issue with the confirmation of Debtor's modified plan is whether the plan will provide secured creditor GMAC with adequate protection and equal payments, pursuant to 11 U.S.C. § 1325(a)(5)(B)(iii), if the Debtor's attorney's fees receive higher priority than GMAC's secured claim.

Section 1325(a)(5)(B)(iii) provides that the court shall confirm a plan if:

> (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
> (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan[.]

See In re Marks, 394 B.R. 198, 203 (Bankr. N.D. Ill. 2008).

The debtor is required to make equal monthly payments to the plan by § 1325(a)(5)(B)(iii), not to a particular creditor. Id. at 205. The Chapter 13 trustee, however, is not obligated to disburse equal monthly payments to the creditor because the trustee has a duty to pay priority claims. Ibid. (citing In re Erwin, 376 B.R. 897, 902 (Bankr. C.D. Ill. 2007) (noting that accelerated payment of attorney's fees is expressly authorized by the Code, stating that a chapter 13 trustee has independent authority to administer a plan in holding that the trustee is not bound by the equal payment provision of § 1325 and finding that accelerated payment of debtors' attorney's fees was not intended to be precluded by the equal monthly payment provision).

Section 1326 requires payment of § 507(a)(2) administrative claims (which includes debtors' attorneys' fees) before or concurrently with other claims (including secured claims). 11 U.S.C. § 1326(b); see also In re Marks, supra, 394 B.R. at 204 (citing In re Hill, No. 06-80502, 2007 WL 499622, at *4 (Bankr. M.D.N.C. 2007)). Thus, a plan could not be confirmed if the

debtor could not make payments covering both attorney's fees and the equal monthly payment. Ibid. (citing In re Hill, supra, No. 06-80502, 2007 WL 499622, at *4; In re DeSardi, 340 B.R. 790, 807-08 (Bankr. S.D. Tex. 2006) (stating that § 1326 requires all § 507(a)(2) claims be paid before or at the same time as payment of other claims)).

As an initial matter, there is no issue with the priority of Debtor's attorney fees because the modified plan, under paragraph E(4), provides that the total claim of Debtor's attorney as a priority claim is $0. Moreover, the modified plan provides that GMAC has a higher priority than Debtor's attorney's fees. Notwithstanding, Debtor's modified plan provides for equal monthly payments to the plan by § 1325(a)(5)(B)(iii), not to a particular creditor. In re Marks, supra, 394 B.R. at 205. In addition, the Chapter 13 trustee is not obligated to disburse equal monthly payments to the creditor because the trustee has a duty to pay priority claims. Ibid.

Next, GMAC objects to section F of the Debtor's modified plan because it fails to provide the same treatment within a particular class. Despite not citing any statutory authority or case law, GMAC presumably argues that section F violates § 1322 of the Bankruptcy Code. Section F requires the trustee to pay amounts owed to creditors in the following order of priority: first, the trustee's authorized percentage fee; second, the current mortgage payments; and third, payments to secured creditors listed in Section E.3. Payments to GMAC are in this third priority level.

Section 1322(a)(3) of the Bankruptcy Code states "[t]he plan shall- . . . . (3) if the plan classifies claims, provide the same treatment for each claim within a particular class." In re Wilson, No. 07 B 17012, 2008 WL 268798, at *3 (Bankr. N.D. Ill. 2008) (quoting 11 U.S.C. § 1322(a)(3)). Section 1322(b) provides that "[s]ubject to subsections (a) and (c) of this section, the plan may - (1) designate a class or classes of unsecured claims, as provided in section 1122 of

Case 08-72148    Doc 61    Filed 02/13/09    Entered 02/19/09 10:29:23    Desc Main
              Document      Page 5 of 7

this title, but may not discriminate unfairly against any class so designated." In re Wilson, No. 07 B 17012, 2008 WL 268798, at *3 (quoting 11 U.S.C. § 1322(b)(1)). Even though § 1322(b)(1) specifically allows for classification of unsecured claims and prohibits unfair discrimination against a class of unsecured claims, the Bankruptcy Code is silent regarding such issues as they relate to secured claims. Some courts have held that a debtor must create a separate class for each secured creditor because each creditor has unique collateral, requires different monthly payments, and charges different interest rates. Ibid. (citing Bank One, NA v. Leuellen (In re Leuellen), 322 B.R. 648, 657-58 (S.D. Ind. 2005); In re Powell, 15 B.R. 465, 477-78 (Bankr. N.D. Ga. 1981); In re Jones, 101 B.R. 593, 594 (Bankr. W.D. Mo. 1989)).

Section 1322(b)(2) of the Bankruptcy Code provides additional support for allowing the separate classification of secured creditors. Ibid. (citing 11 U.S.C. § 1322(b)(2)). In a special provision for home mortgage lenders, section 1322(b)(2) provides:

> (b) Subject to subsections (a) and (c) of this section, the plan may-
> . . . .
> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

This provision provides a justification for debtors to treat home mortgage lenders differently than other secured creditors. In re Wilson, supra, No. 07 B 17012, 2008 WL 268798, at *3.

The Court finds that GMAC's third level of priority under section F of the Debtor's modified plan does not result in a lack of adequate protection under §§ 1322, 1325(a)(5)(B)(iii). GMAC has not offered any evidence that its payment of $426.24 under the modified plan is not enough to provide adequate protection. In addition, GMAC has not moved to modify the automatic stay on the basis of lack of adequate protection. Instead, GMAC argues that the order

of priority in section F of the modified plan may deny GMAC adequate protection in the future. Section 1325(a)(5) does not require denial of a plan, however, for the possibility of lack of adequate protection in the future. The priority levels in section F of Debtor's modified plan does not deny GMAC adequate protection. Debtor's modified plan complies with § 1325(a)(5). The modified plan provides for equal monthly payments of $900 to US Bank Home Mortgage, $53.14 to WFNN/Carpetland, and $426.24 to GMAC. Furthermore, while the plan provides for the mortgage payment and trustee's fees to be paid before GMAC and WFNN/Carpetland, the remaining $800 is more than enough to pay these secured claims. Thus, GMAC's objection that section F of the Debtor's modified plan does not provide GMAC with adequate protection is overruled.

## CONCLUSION

For the foregoing reasons, the Court denies GMAC's objection to confirmation.

THEREFORE, IT IS ORDERED that

the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: February 13, 2009

The Hon. Manuel Barbosa
United States Bankruptcy Judge