UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In re: Rey Joseph Hernandez,<br><br>Debtor(s). | Bankruptcy No. 08 B 72148<br>Chapter 13<br>Judge Manuel Barbosa |

## MEMORANDUM OPINION

This matter comes before the Court on the objection to confirmation filed by creditor GMAC, pursuant to 11 U.S.C. §§ 1324, 1325(a)(5), on December 1, 2008 and on the modified Chapter 13 plan filed by debtor Rey Joseph Hernandez ("Debtor") on November 10, 2008. For the reasons set forth herein, the Court overrules GMAC's objection to confirmation.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (L).

## FACTS AND BACKGROUND

On July 8, 2008, debtor Rey Joseph Hernandez ("Debtor") filed a voluntary Chapter 13 bankruptcy petition. The 341 meeting of creditors was held on August 19, 2008. According to Debtor's Schedule D at the time of filing and his amended Schedule D filed November 10, 2008, GMAC held a secured claim on Debtor's 2006 Chevrolet Impala valued at $17,300. Thus, GMAC is Debtor's creditor because, on October 21, 2005, Debtor executed an agreement for interest in a 2006 Chevrolet Impala LTZ, VIN no. 2G1WU581169152711, in which the agreement was assigned to GMAC.

On July 8, 2008, Debtor filed his initial Chapter 13 plan whereby Debtor proposed to pay

the trustee $1,830 per month for 60 months. The initial plan lists two secured debts to be disbursed by the trustee: in paragraph E(2), to US Bank Home Mortgage for current mortgage payments that included monthly payments of $900 for an estimated total of $54,000; and, in paragraph E(3), to GMAC for a 2006 Chevrolet Impala that included monthly payments of $408.00 for an estimated payment of $24,102, including 7% interest on a $13,725 secured claim.[1] In paragraph E(4), Debtor claimed $0 in priority Debtor's attorney's fees through the plan. Under paragraph E(8), the minimum general unsecured claims payment percentage, to the extent possible, is proposed to be 20%. In paragraph F, the plan provides that creditors will be given priority in the following order: "(1) trustee's authorized percentage fee; (2) current mortgage payments; (3) secured claims listed in Section E(3), including GMAC; (4) priority claims of the debtor's attorney; . . . and (8) general unsecured claims." The plan also listed special terms as provided in paragraph G, including:

> 6. Pre-confirmation adequate protection payments shall be disbursed by the Trustee to creditors identified in paragraph E3 as holding a purchase money security interest in personal property if the plan provides for payment of the secured claim by the Trustee; said payments shall be subject to Trustee's fees and shall commence approximately 30 days after the date of the order for relief if sufficient funds are available for disbursement by the Trustee, or within a reasonable time after sufficient funds become available for disbursement by the Trustee. Said payments shall be made in the fixed installments equal to one half (1/2) of the amounts listed in paragraph E(3).
> 7. Notwithstanding any provision of the plan to the contrary, the allowed claim of debtor's attorney shall be paid at the same level of disbursement as secured claims that are paid in fixed installments. The allowed attorney's fees claim shall be paid in installments of 1/2 of the regular monthly plan payment (not

---

[1] The parties did not submit a payment calculation based on the N.A.D.A. Guide. The N.A.D.A. Guide is a guide distributed annually by the National Automobile Dealers Association commonly used by the automotive industry and bankruptcy courts to determine the proper value of a motor vehicle. See, e.g., In re Robson, 369 B.R. 377, 382 (Bankr. N.D. Ill. 2007); In re Thompson, 2008 WL 2157163, at *2 (Bankr. N.D. Ill. 2008). As an estimate as of April 9, 2009, the N.A.D.A. Guide lists a 2006 Chevrolet Impala Sedan 4 door LTZ, with standard features and without mileage depreciation included, as a clean retail value of $13,700. See N.A.D.A. Guide, reported at http:// http://www.nadaguides.com/default.aspx?LI=1-21-1-5014-603-737-50324&l=1&w=20&p=37&f=5092&s=277104&m=1035&d=15477&vt=used&y=2006&z=61101&da=-1 (last visited April 9, 2009).

including current mortgage payments) and the fixed installments to secured creditors shall be reduced proportionately until the allowed attorneys fees are paid in full.

On July 23, 2008, creditor GMAC filed an objection to confirmation of Debtor's Chapter 13 plan dated July 8, 2008, pursuant to 11 U.S.C. §§ 1324, 1325. Under the special terms provided by paragraph G in Debtor's plan, GMAC asserts that it will not receive adequate protection, unless it is given the same priority level as the current monthly mortgage payments. Moreover, GMAC asserts that the modified plan fails to provide equal monthly payments to GMAC, pursuant to 11 U.S.C. § 1325(a)(5)(B)(iii)(I), (II), because Debtor's attorney's fees, under the special terms provided by paragraph G in Debtor's plan, have the same priority as creditors, including GMAC, in paragraphs E(3).

On November 10, 2008, Debtor filed a modified Chapter 13 Plan whereby Debtor proposed to pay the trustee $1,830 per month for 60 months. In paragraphs E(2) – (3), the modified plan lists three secured debts to be disbursed by the trustee: US Bank Home Mortgage with monthly payments of $900 for an estimated total of $54,000; GMAC with monthly payments of $426.24 for an estimated payment of $20,459, including 7% interest on a $17,800 secured claim;[2] and WFNN/Carpetland with monthly payments of $53.14 for an estimated total of $1914, including 4% interest on a $1800 secured claim. In paragraph E(4), Debtor claimed $0 in priority Debtor's attorney's fees through the plan. Under paragraph E(8), the minimum general unsecured claims payment percentage, to the extent possible, is proposed to be 20%. In paragraph F, the plan provides that creditors will be given priority in the following order: (1) trustee's authorized percentage fee; (2) current mortgage payments; (3) secured claims listed in

---

[2] Debtor amended his Plan to account for a higher secured claim to GMAC ($17,800) than previously reported in his initial Plan ($13,725) on the 2006 Chevrolet Impala LTZ. This is presumably due to a change in the N.A.D.A. Guide estimate based on additional options on the vehicle as well as mileage depreciation, but neither party has

Section E(3), including GMAC; and (4) priority claims of the debtor's attorney. The plan again listed special terms as provided in paragraph G, including:

> 6. Pre-confirmation adequate protection payments shall be disbursed by the Trustee to creditors identified in paragraph E3 as holding a purchase money security interest in personal property if the plan provides for payment of the secured claim by the Trustee; said payments shall be subject to Trustee's fees and shall commence approximately 30 days after the date of the order for relief if sufficient funds are available for disbursement by the Trustee, or within a reasonable time after sufficient funds become available for disbursement by the Trustee. Said payments shall be made in the fixed installments equal to one half (1/2) of the amounts listed in paragraph E(3).
>
> 7. Notwithstanding any provision of the plan to the contrary, the allowed claim of debtor's attorney shall be paid at the same level of disbursement as secured claims that are paid in fixed installments. The allowed attorney's fees claim shall be paid in installments of 1/2 of the regular monthly plan payment (not including current mortgage payments) and the fixed installments to secured creditors shall be reduced proportionately until the allowed attorneys fees are paid in full.

On December 1, 2008, creditor GMAC filed an objection to confirmation of Debtor's modified Chapter 13 plan dated November 10, 2008, pursuant to 11 U.S.C. §§ 1324, 1325(a)(5). GMAC asserts that it will not receive adequate protection, unless it is given the same priority level as the current monthly mortgage payments. Moreover, GMAC asserts that the modified plan fails to provide equal monthly payments to GMAC, pursuant to 11 U.S.C. § 1325(a)(5)(B)(iii)(I), (II), because, under the special terms provided in paragraph G, Debtor's attorney's fees have the same priority as creditors, including GMAC and WFNN/Carpetland.

After a court cancellation due to inclement weather on December 19, 2008, a status hearing on the objection to confirmation was subsequently heard on December 23, 2008 and the Court stated that Debtor may file a response to the GMAC's objection to confirmation by January 7, 2009, GMAC may then have fourteen (14) days to reply by January 21, 2009, and a

---

raised this issue.

status and decision shall be issued on February 13, 2009.

Due to clerical error, Debtor did not file a response to GMAC's objection to confirmation by January 7, 2009. On January 23, 2009, Debtor filed a motion to extend time to January 23, 2009 to file a response to GMAC's objection. In its motion to extend time, Debtor requested that GMAC be given 14 days or until February 6, 2009 to respond. Debtor filed a response seeking to deny GMAC's first objection to confirmation on January 23, 2009. In an order dated January 30, 2009, the Court permitted Debtor to file a response by January 23, 2009 and granted fourteen (14) days from January 30, 2009, which equates to February 13, 2009, for GMAC to reply.

After January 30, 2009, GMAC notified Debtor that his January 23, 2009 response only responded to GMAC's first objection to confirmation, and, therefore, Debtor had still not responded to GMAC's second objection to confirmation of Debtor's November 8, 2008 modified plan.

Accordingly, on February 6, 2009, Debtor filed a response seeking to deny GMAC's second objection to confirmation. Debtor asserts that the November 11, 2008 modified plan, in paragraph E(3), provides adequate protection to GMAC because GMAC's secured debt will be disbursed by the trustee through monthly payments of $426.24 for an estimated payment of $20,459, including 7% interest on a $17,800 secured claim. In addition, while the plan provides for the mortgage payment and trustee's fees to be paid before GMAC and WFNN/Carpetland, Debtor asserts that the remaining $800 is sufficient to pay these remaining secured claims.

In a memorandum opinion and order dated February 13, 2009, the Court overruled GMAC's objection to confirmation.

On February 16, 2009, GMAC filed a motion for new trial, pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure made applicable through Federal Rules of Bankruptcy

Procedure 9023 and 9024. In light of Debtor's extension to respond, the unavailability of the Court's electronic filing system on February 13-15, 2009, and GMAC's short time frame (seven (7) days) to respond to Debtor's February 6, 2009 response, GMAC requested reasonable time to reply to Debtor's response and sought relief from the Court's February 13, 2009 order.

On February 16, 2009, GMAC filed a reply to Debtor's response to GMAC's second objection to confirmation and sought to sustain GMAC's objection. GMAC asserts that it will not be adequately protected since the plan's special terms as provided in paragraph G provide that the Chapter 13 trustee will disburse funds to US Bank Home Mortgage at a higher level than all other creditors, including GMAC. GMAC asserts that Debtor may resolve this issue by amending his plan to set payment to GMAC on the E(2) disbursement level. Since Debtor's current monthly mortgage payments included insurance premiums and real estate taxes that are subject to increase each year, the monthly mortgage payment could increase and leave insufficient funds to provide a set payment to GMAC. In addition, Debtor has not indicated whether the mortgage is set at a fixed or variable rate, which could also lead to an increase in mortgage payments and thereby leave insufficient funds to GMAC. GMAC argues that section 1327 precludes a creditor from obtaining relief from the automatic stay on pre-confirmation events, including adequate protection, citing Salt Creek Valley Bank v. Wellman (In re Wellman), 322 B.R. 298, 301 (B.A.P. 6th Cir. 2004); Great Lakes Higher Education Corp. v. Pardee (In re Pardee), 218 B.R. 916 (B.A.P. 9th Cir. 1998). Furthermore, GMAC alleges that section 1325(a)(5)(B)(iii)(II) does not allow a creditor to wait until adequate protection ceases, but, instead, requires the creditor to raise the issue at confirmation, citing In re Rivera, 2008 WL 1957896 (N.D. Ind. 2008). In addition, GMAC asserts that if GMAC did not raise the issue at confirmation, then it would forever waive its right to raise the issue after confirmation, citing

Adair v. Sherman, 230 F.3d 890, 894-95 (7th Cir. 2000). Furthermore, GMAC asserts that the plan's special terms as provided in paragraph G state will reduce the amount of pre-confirmation adequate protection to GMAC because the special terms provide that Debtor's counsel shall receive attorney's fees for one half of the monthly plan payment at the same level as GMAC's secured payments.

In an order dated February 27, 2009, the Court vacated the February 13, 2009 order that overruled GMAC's objection.

## DISCUSSION

At issue with the confirmation of Debtor's modified plan is whether the plan will provide secured creditor GMAC with adequate protection and equal payments, pursuant to 11 U.S.C. § 1325(a)(5)(B)(iii). GMAC argues that it is not adequately protected for its interest in Debtor's 2006 Chevrolet Impala unless it is paid on the same disbursement level as the current monthly mortgage payments since the mortgage payments could increase in the future due to changes in insurance premiums, real estate taxes or variable interest rates, if applicable. GMAC asserts that Debtor could resolve the issue if he amended his plan to provide that GMAC is paid on the paragraph E(2) disbursement level of the Plan. In addition, GMAC asserts that the special terms as provided in paragraph G of the Plan do not provide GMAC with adequate protection because Debtor's attorney's fees could be sought at a later date and paragraph G provides that Debtor's counsel shall receive one half of the monthly plan payment or $850 in attorney's fees approved.

Section 1325(a)(5)(B)(iii) provides that the court shall confirm a plan if:

> (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
> (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan[.]

11 U.S.C. § 1325(a)(5)(B)(iii); see In re Marks, 394 B.R. 198, 203 (Bankr. N.D. Ill. 2008).

The debtor is required to make equal monthly payments to the plan by § 1325(a)(5)(B)(iii), not to a particular creditor. Id. at 205. The Chapter 13 trustee, however, is not obligated to disburse equal monthly payments to the creditor because the trustee has a duty to pay priority claims. Ibid. (citing In re Erwin, 376 B.R. 897, 902 (Bankr. C.D. Ill. 2007) (noting that accelerated payment of attorney's fees is expressly authorized by the Code, stating that a chapter 13 trustee has independent authority to administer a plan in holding that the trustee is not bound by the equal payment provision of § 1325 and finding that accelerated payment of debtors' attorney's fees was not intended to be precluded by the equal monthly payment provision).

Section 1326 requires payment of § 507(a)(2) administrative claims (which includes debtors' attorneys' fees) before or concurrently with other claims (including secured claims). 11 U.S.C. § 1326(b); see also In re Marks, supra, 394 B.R. at 204 (citing In re Hill, No. 06-80502, 2007 WL 499622, at *4 (Bankr. M.D.N.C. 2007)). Thus, a plan could not be confirmed if the debtor could not make payments covering both attorney's fees and the equal monthly payment. Ibid. (citing In re Hill, supra, No. 06-80502, 2007 WL 499622, at *4; In re DeSardi, 340 B.R. 790, 807-08 (Bankr. S.D. Tex. 2006) (stating that § 1326 requires all § 507(a)(2) claims be paid before or at the same time as payment of other claims)).

GMAC cites Salt Creek Valley Bank v. Wellman (In re Wellman), 322 B.R. 298, 301 (B.A.P. 6th Cir. 2004) for the proposition that section 1327 precludes a creditor from obtaining relief from the automatic stay on pre-confirmation events, including adequate protection. See also Great Lakes Higher Education Corp. v. Pardee (In re Pardee), 218 B.R. 916 (B.A.P. 9th Cir. 1998); In re Arguin, 345 B.R. 876, 880-81 (Bankr. N.D. Ill. 2006). While the provisions of a

debtor's confirmed plan typically bounds a creditor and precludes a post-confirmation motion for relief from stay, this occurs only <u>absent</u> a post-confirmation default in carrying out the plan. <u>In re Wellman</u>, <u>supra</u>, 322 <u>B.R.</u> at 301 (emphasis added). Thus, absent a post-confirmation default in carrying out the plan, if GMAC did not raise the issue at confirmation, it would forever waive its right to raise the issue after confirmation. See <u>Adair v. Sherman</u>, 230 F.3d 890, 894-95 (7th Cir. 2000); <u>In re Rivera</u>, No. 1:08-CV-21-TS, 2008 WL 1957896, at *3 (N.D. Ind. 2008).

Section 1322(a)(3) of the Bankruptcy Code states "[t]he plan shall- .... (3) if the plan classifies claims, provide the same treatment for each claim within a particular class." <u>In re Wilson</u>, No. 07 B 17012, 2008 WL 268798, at *3 (Bankr. N.D. Ill. 2008) (quoting 11 <u>U.S.C.</u> § 1322(a)(3)). Section 1322(b) provides that "[s]ubject to subsections (a) and (c) of this section, the plan may - (1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated." <u>In re Wilson</u>, No. 07 B 17012, 2008 WL 268798, at *3 (quoting 11 <u>U.S.C.</u> § 1322(b)(1)). Even though § 1322(b)(1) specifically allows for classification of unsecured claims and prohibits unfair discrimination against a class of unsecured claims, the Bankruptcy Code is silent regarding such issues as they relate to secured claims. Some courts have held that a debtor must create a separate class for each secured creditor because each creditor has unique collateral, requires different monthly payments, and charges different interest rates. <u>Ibid.</u> (citing <u>Bank One, NA v. Leuellen (In re Leuellen)</u>, 322 <u>B.R.</u> 648, 657-58 (S.D. Ind. 2005); <u>In re Powell</u>, 15 <u>B.R.</u> 465, 477-78 (Bankr. N.D. Ga. 1981); <u>In re Jones</u>, 101 <u>B.R.</u> 593, 594 (Bankr. W.D. Mo. 1989)).

Section 1322(b)(2) of the Bankruptcy Code provides additional support for allowing the separate classification of secured creditors. <u>Ibid.</u> (citing 11 U.S.C. § 1322(b)(2)). In a special provision for home mortgage lenders, section 1322(b)(2) provides:

(b) Subject to subsections (a) and (c) of this section, the plan may-

. . . .

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

This provision provides a justification for debtors to treat home mortgage lenders differently than other secured creditors. In re Wilson, supra, No. 07 B 17012, 2008 WL 268798, at *3.

Here, the Court does not agree with GMAC's two main objections to confirmation: (1) monthly mortgage payments paid at a higher disbursement level than GMAC could diminish GMAC's adequate protection in the future; and (2) provision in paragraph G that grants Debtor's counsel one half of the monthly plan payment for attorney's fees could leave insufficient funds for GMAC in the future. On November 10, 2008, Debtor filed a modified Chapter 13 Plan whereby Debtor proposed to pay the trustee $1,830 per month for 60 months. The Plan does not currently provide for Debtor's attorney's fees. GMAC has not moved prior to confirmation to modify the automatic stay on the basis of lack of adequate protection. Even if (1) the mortgage payments increased in the future due to changes in insurance premiums, real estate taxes or variable interest rates, if applicable, or (2) Debtor's attorney's fees were later sought for one half of the monthly plan payment as stated in paragraph G, then, GMAC could move after confirmation for a relief from stay on the 2006 Chevrolet Impala if the changes increased the monthly plan payments and created a default on GMAC's adequate protection payments. In re Wellman, supra, 322 B.R. at 301.

Section 1325(a)(5) does not require denial of a plan for the possibility of lack of adequate protection in the future. Debtor's modified plan complies with § 1325(a)(5). The modified plan provides for equal monthly payments of $900 to US Bank Home Mortgage, $53.14 to

WFNN/Carpetland, and $426.24 to GMAC. While the plan provides for the mortgage payment and trustee's fees to be paid before GMAC and WFNN/Carpetland, the remaining $800 is a sufficient equity cushion to pay these secured claims. Thus, GMAC is adequately protected for its interest in Debtor's 2006 Chevrolet Impala under the modified plan. Therefore, GMAC's objection to confirmation is overruled.

## CONCLUSION

For the foregoing reasons, the Court overrules GMAC's objection to confirmation.

THEREFORE, IT IS ORDERED that

the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: APR 14 2009

The Hon. Manuel Barbosa
United States Bankruptcy Judge

## CERTIFICATE OF MAILING

The undersigned hereby certifies that the attached Memorandum Opinion has been served via First Class Mail on April 14, 2009 to:

Attorney James M. Philbrick
P.O. Box 351
Mundelein, Illinois 60060

Attorney Jason K. Nielson
Law Offices of Peter Francis Geraci
55 East Monroe St. Suite #3400
Chicago, IL 60603

Attorney Lydia S. Meyer, Trustee
Attorney Fiona M. Whelan
P.O. Box 14127
Rockford, IL 61105-4127

Mimi Kuczynski, Judicial Secretary